

# The Attorney General of Texas

December 14, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Warner Bell
Trinity County Attorney
P. O. Box 878
Groveton, Texas    75845

Opinion No. JM-253

Re: Whether a chief deputy may be appointed tax assessor-collector by a commissioners court of which her cousin is a member

Dear Mr. Bell:

You state that a vacancy has been created in the office of tax assessor-collector by the death of the incumbent who had served since January 1, 1961. The chief deputy has been continuously employed in the office in various positions for twenty-two years and has been chief deputy for years. She is a first cousin of a county commissioner who has served continuously in office since January 1, 1961.

You ask whether the commissioners court may appoint the chief deputy to fill the vacancy without violating the nepotism statute. Article 5996a, V.T.C.S., on nepotism, provides:

> No officer of this State . . . nor any officer or member of any State district, county, city, school district or other municipal board . . . shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board . . . when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever; provided, that nothing herein contained . . . shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of two (2) years prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of

the officer or member related to such employee in
the prohibited degree.

First cousins are related within the second degree by consanguinity.
See Attorney General Opinions O-6221 (1944); O-4670 (1942).

The county tax assessor-collector holds an elective office. Tex.
Const. art. VIII, §§14, 16, 16a; Tax Code §6.21. Thus, ordinarily the
tax assessor-collector would be elected by the people and not
appointed by the commissioners court. The court, however, is
statutorily authorized to fill a vacancy in this office until the next
general election. V.T.C.S. art. 2355.

Article 5996a, V.T.C.S., bars the commissioners court from
appointing the first cousin of a commissioner to any office or
employment. Attorney General Opinions O-5452 (1943); O-4987 (1942);
see also Attorney General Opinion O-4670 (1942). The statute prevents
any member of the commissioners court from voting for

> any person related within the second degree by
> affinity . . . to the person so appointing or so
> voting, <u>or to any other member of any such</u>
> <u>board</u>. . . . (Emphasis added).

V.T.C.S. art. 5996a. Thus, none of the commissioners may vote to
appoint the first cousin of a commissioner to the vacant office of tax
assessor-collector. See Attorney General Opinion O-3016 (1941).

You raise the exception to article 5996a, V.T.C.S., for a person
employed by a governing board for two years continuously prior to the
election of his relative to that board and suggest it may apply in
this case. It is irrelevant to the problem before us. The tax
assessor-collector appoints his deputies; the commissioners court
cannot control or influence his selection of individuals for that
post. V.T.C.S. art. 3902; Attorney General Opinions H-993 (1977);
H-697 (1975); O-6221 (1944). The deputy tax assessor was never
appointed by the commissioners court. She therefore does not come
within the two-year proviso of article 5996a, V.T.C.S.

## S U M M A R Y

The commissioners court may not appoint the
first cousin of a commissioner to the office of
county tax assessor-collector vacated by the death
of the incumbent.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton